**600**

### In re ROSENBAUM GRAIN CO.
### No. 59666.

District Court, N. D. Illinois, E. D.
May 20, 1935.

Hopkins, Sutter, Halls & De Wolfe, Johnson, Swanstrom, Wiles & Clawson, Montgomery, Hart, Pritchard & Herriott, Michael Gesas, Kirkland, Fleming, Green & Martin, and Amberg, Ott, Dahlin & Livingston, all of Chicago, Ill., C. J. Ahern and C. J. Ahern, Jr., both of Dwight, Ill., and Lederer, Livingston, Kahn & Adler, Moses, Kennedy, Stein & Bachrach, Adams, Nelson & Williamson, Harold C. Osburn, Bernard W. Vinissky, Blum & Jacobson, Taylor, Miller, Busch & Boyden, Arthur J. Hughes, James J. Coughlin, Eckert & Peterson, A. Hale Vollintine, and Chapman & Cutler, all of Chicago, Ill.

HOLLY, District Judge.

Rosenbaum Grain Company, which heretofore filed its petition under section 77B of the Bankruptcy Act (11 USCA § 207), now presents a petition to the court requesting the court to appoint, first, a committee to represent the creditors; second, a committee to represent the stockholders in these proceedings. The petitioner suggests the names of various persons to be appointed to these committees, but asks the court of its own motion, and without suggestion from the petitioner, to name some person as chairman of the creditors' committee, and another as chairman of the stockholders' committee. This is the first time as far as I am aware that any court has been requested either to appoint a creditors' or stockholders' committee, or to name the chairmen of such committees.

It was not the purpose of Congress in enacting section 77B simply that the property of the debtor be disposed of and he be discharged from his debts, but the property remains in the custody of the court to be managed and operated by the court.

The purpose of the act is to protect the interests of the debtor in case he is not insolvent but merely unable to meet his debts as they mature; to keep the property or business intact if that may be done; to provide for the reorganization of the debtor corporation and the development of a plan by the terms of which the debtor, its stockholders, and the creditors may receive fair and reasonable treatment.

In administering the provisions of this act, the court is expected to continue the business of the debtor in operation either through management by the debtor itself or a trustee appointed by the court. A plan of reorganization may be presented either by the debtor, its stockholders, or creditors. To become effective the plan must be accepted in the manner provided by the statute. In a great majority of the cases presented to the court the creditors of the corporation are widely scattered; bonds having been sold to the public generally and very frequently large numbers of persons of small means hold bonds in quite small amounts. These creditors have great difficulty in protecting their interests, and the holder of a thousand dollar bond cannot afford to employ counsel to represent him in the proceedings. As a result, bondholder and creditors' committees have been organized which have solicited the deposit of bonds

or other evidence of indebtedness with power of attorney to represent the holder in all proceedings. In a great majority of cases, probably, these bondholder committees are composed of men of integrity and ability who in the performance of their duty have but one object in view; the protection of those whose interests they represent. In a great many cases, however, the bondholders' committee is set up by the debtor, itself, or by individuals who promoted the organization of the debtor and the sale of its securities. Some of these committees have been extravagant and wasteful. They request the court sometimes to appoint a trustee nominated by the committee and at other times to continue the debtor in possession. If the debtor remains in possession it is frequently unwise in its management of the property; expends money and incurs liabilities far beyond the necessities of the business. The trustee recommended by the committee often charges excessive fees with the connivance of the members of the committee and contracts bills far out of proportion to the services rendered. In some cases the property has been deliberately mismanaged with the purpose of enabling the debtor to secure a better settlement with its creditors.

As a result of such practices, great public scandal has arisen and there has been much newspaper publicity and many legislative investigations. The public has come to distrust all committees, lumping the good with the bad, though there is no doubt that a very large proportion of the committees are honestly and faithfully performing the duties imposed upon them.

The court is generally in the dark as to the method of the organization of the committee and of the manner in which the committee conducts the affairs of the debtor. Likewise, it can know little of the real merits of the plan of reorganization presented. A plan which appears perfectly fair on its face may as a matter of fact be outrageously unjust. The court has to rely on the statements of the interested parties, on the reports made to it by creditors' or stockholders' committees, and the statements of creditors in open court when the plan is presented. The individual creditors, those holding small amounts of the securities of the debtor, cannot afford to be represented in court. If the creditors' committee has done its work honestly and capably, the court can rely upon the reports presented by the committee. If, however, the work of the committee has been of a different character, the court may be very easily misled and confirm a plan which should have been rejected.

It is exceedingly important, therefore, that the court have its own representative on the stockholders' and creditors' committees. Further, it is necessary that the court have control of the committee and have the right to remove any member who either through negligence or dishonesty fails to perform the duties of his office. In this case the court has such a representative on each committee, and by the terms of the draft order presented, the creditors' committee as a whole is under the jurisdiction of the court.

Counsel are to be commended for having presented such a plan to the court, and the order creating the committees will be signed.